# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TRACY WEBB,**

    **Plaintiff,**

    **v.**                                                                                          **Case No. 18-CV-855**

**AMTRAK STATION EMPLOYEE MILWAUKEE,**
**POLICE STATION MILWAUKEE, and U.S.**
**MARSHAL COURT SECURITY,**

    **Defendants.**

## ORDER

On June 5, 2018, Tracy Webb filed a *pro se* complaint against an employee of the Amtrak Station in Milwaukee, a police station in Milwaukee, and a staff member of the U.S. Marshals Service. Webb generally alleges that she was discriminated against and harassed. (Docket # 1.) This matter comes before me on Webb's motion to proceed without prepaying the filing fee. (Docket # 2.) For the reasons stated below, Webb's motion for leave to proceed without prepaying the filing fee is denied. Further, while Webb's complaint fails to state a claim, she will be given an opportunity to file an amended complaint that cures the deficiencies outlined in this Order.

## LEGAL FRAMEWORK

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed without prepaying the filing fee, the court must make two determinations.

First, the court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a). This is done through a review of the litigant's assets as stated on a declaration submitted to the court. *Id.*

Second, the court must determine that the action is neither frivolous nor malicious, does not fail to state a claim on which relief may be granted, or does not seek money damages against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). An action is frivolous if it is clear that the legal theory or the facts alleged are baseless or irrational. *Neitzke*, 490 U.S. at 324; *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim are to be reviewed based on the standards set for dismissals under Federal Rule of Civil Procedure Rule 12(b)(6). *Dewalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in his favor. *Id.* at 612. Under Federal Rule of Civil Procedure 8(a)(2), an action is considered to state a claim if, at a minimum, it includes a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

**ANALYSIS**

In her declaration, Webb states that she is not married and has no dependents. (Docket # 2 at 1.) She does not own a car or a home and has no other property of value. (*Id.* at 3-4.) Webb states that she is employed and receives $2,100.00 per month in wages or salary and Social Security Disability income. (*Id.* at 1-2.) She lists her total monthly expenses as $300.00. (*Id.*) Based on the information provided, I am not satisfied that Webb is indigent for purposes of the *in forma pauperis*

statute. Again, Webb states that she has a monthly income of $2,100.00 and monthly expenses total $300.00. This leaves $1,800.00 a month and is sufficient to pay the one time $400.00 filing fee.

However, even if Webb had paid the filing fee, I can dismiss a complaint at any time if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."). In her complaint, Webb alleges that the Amtrak employees, police officers, and Marshals were disrespectful and "they did discriminate against me." (Docket # 1 at 2.) Webb alleges that an Amtrak employee started yelling at her and would have assaulted her had she let him get closer to her. (*Id.*) She alleges that the Milwaukee Police Department did not write a report or respond. (*Id.* at 3.) Webb alleges that Amtrak staff tried to prevent her from getting on a train. (*Id.*) She alleges that Amtrak employees have stolen from her for years. (*Id.*)

Webb further alleges that U.S. Marshals "harassed [her] as a disable[d] woman" in the law library. (*Id.*) She alleges that the Marshals told her to take her bags and leave and followed her. (*Id.* at 3-4.) Webb alleges that she "was really beat and drag," though it is unclear who she alleges did this. (*Id.* at 4.) Webb also alleges "really harm from officers and departments," though again, it is unclear which officers and departments caused her harm and what harm she suffered. (*Id.*)

Subsequent to filing her complaint, Webb filed two documents entitled "supplement" in which it appears she is adding CVS and Pick 'n Save as defendants. (Docket # 4 and Docket # 5.) Webb alleges that she was in a CVS store and was improperly accused of stealing. (Docket # 4.) She also alleges that someone assaulted her in a Pick 'n Save store. (Docket # 5 at 3.)

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that she was

deprived of a right secured by the Constitution or laws of the United States and (2) that the person who deprived her of that right acted under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). In performing my analysis of whether Webb has failed to state a claim, I must give her *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, even liberally construing her complaint, I am unable to understand Webb's causes of action. Again, Webb alleges that the Amtrak employees and Milwaukee Police Officers discriminated against her; however, it is unclear on what basis they discriminated against her and how they discriminated against her. As to the U.S. Marshals, it appears Webb alleges that the Marshals discriminated against her due to her disability; however, she does not allege facts that support she was asked to leave the law library due to her disability.

Further, in her supplements, Webb brings causes of action against CVS and Pick 'n Save. Unlike state courts which are courts of general jurisdiction, federal district courts are courts of limited jurisdiction. *See International Union of Operating Engineers, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009). They may entertain cases only where jurisdiction is authorized by the Constitution or by statute. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1316 (7th Cir.1997). CVS and Pick 'n Save are private companies and before a private party's conduct can be considered state action under § 1983, there must be a sufficiently close nexus between the state and the private conduct so that the action may be fairly treated as that of the State itself. *Wade v. Byles*, 83 F.3d 902, 905 (7th Cir. 1996). In other words, "the state must somehow be responsible for the allegedly unlawful actions taken by the private party." *Id.*

Thus, Webb's motion for leave to proceed without prepayment of the filing fee is denied.

Webb has until **June 22, 2018** to pay the $400.00 filing fee. However, in addition to paying the filing fee, if Webb wants to proceed with this lawsuit, she must file an amended complaint that properly states a cause of action against the defendants named.

When writing her amended complaint, Webb should provide the court with enough facts to answers to the following question: 1) Who violated her constitutional rights?; 2) How did each person violate her rights?; 3) Where did each person violate her rights?; and 4) When did each person violate hr rights? Webb's complaint does not need to be long, or contain legal language or citations to statutes or cases, but it does need to provide the court and each defendant with notice of what each defendant allegedly did to violate Webb's rights.

I am enclosing a copy of the complaint form and instructions. Webb should write the word "AMENDED" in front of the word "COMPLAINT" at the top of the first page, and then put the case number for this case—[CASE NO.]—in the field for "Case Number." She must list all of the defendants in the caption of the complaint. She must use the spaces on pages two and three to allege the key facts that give rise to the claims she wishes to bring, and to describe which defendants she believes committed the violations that relate to each claim. If the space is not enough, she may use up to five additional sheets of paper (putting page numbers on each additional page). The amended complaint takes the place of the prior complaint, and must be complete in itself. Webb cannot simply say, "Look at my first complaint for further information." *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998). If Webb files an amended complaint, it will become the operative complaint in this case, and I will screen it in accordance with 28 U.S.C. § 1915.

**ORDER**

**NOW, THEREFORE, IT IS ORDERED** that by **June 22, 2018**, Webb shall submit the $400.00 filing fee. Further, if Webb wants to proceed with this lawsuit, she must file an amended complaint wherein she provides additional information in accordance with the instructions set forth above. I will then review her amended complaint in accordance with 28 U.S.C. § 1915(e)(2). If Webb fails to timely submit her filing fee or if her amended complaint fails to cure the deficiencies outlined above, this action shall be dismissed with prejudice.

Dated at Milwaukee, Wisconsin this 8th day of June, 2018.

BY THE COURT

s/*Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge