# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TRACY WEBB,

                     Plaintiff,

v.

                     Case No. 18-CV-855-JPS

AMTRAK STATION EMPLOYEE
MILWAUKEE, POLICE STATION
MILWAUKEE, US MARSHAL
COURT SECURITY, CVS, PICK AND
SAVE, and METRO MARKET,

                     **ORDER**

                     Defendants.

On June 5, 2018, the plaintiff, Tracy Webb ("Webb"), filed a *pro se* complaint alleging that she had been harassed and discriminated against by an employee of the Amtrak Station in Milwaukee, a police station in Milwaukee, and a staff member of the U.S. Marshals Service. (Docket #1). Webb also filed a motion to proceed *in forma pauperis*. (Docket #2). Webb then filed supplements to her complaint, alleging that she was harassed or assaulted by people at CVS and Pick 'n Save. (Docket #4 and #5).

The case was initially assigned to Magistrate Judge Nancy Joseph, who reviewed Webb's complaint and determined that it did not state a claim on which relief could be granted. (Docket #6). Magistrate Joseph granted Webb leave to file an amended complaint. *Id.* at 5–6. In the same order, Magistrate Joseph denied Webb's motion to proceed *in forma pauperis*, and ordered her to pay the filing fee for this case by June 22, 2018. *Id.* at 4–5.

On June 11, 2018, Webb filed an amended complaint. (Docket #8). Magistrate Joseph reviewed the amended complaint and determined it must be dismissed. (Docket #21). Because not all parties have had the opportunity to

consent to magistrate judge jurisdiction, Magistrate Joseph prepared a recommendation for dismissal and the case was reassigned to a District Judge for consideration of that recommendation. *Id.* Webb then filed what this Court generously construes as an objection to Magistrate Joseph's recommendation. (Docket #22).

Magistrate Joseph recommends that this case be dismissed for two reasons. First, Webb still has not paid the filing fee, despite a court order directing that she pay the fee by June 22, 2018. (Docket #21 at 1). On this basis alone, Webb's complaint must be dismissed.

Second, Magistrate Joseph explains that Webb has not stated a coherent claim that comes within this Court's jurisdiction. *Id.* at 2. Webb generally alleges that employees of the defendants have been disrespectful to her in various ways, including yelling at her, assaulting her, stealing from her, and preventing her from getting on a train. *See generally* (Docket #8). These allegations are, at best, difficult to understand, and are certainly not clear enough for this Court to discern a viable cause of action among them. In other words, Webb's amended complaint is cast in such an incoherent and confusing manner that it must be dismissed under Federal Rule of Civil Procedure 8(a) based on Webb's failure to give the defendants (as well as the Court) fair notice of that which she complains. *Lindell v. McCallum,* 352 F.3d 1107, 1110 (7th Cir. 2003) (if a complaint's lack of clarity makes it unintelligible, dismissal under Fed. R. Civ. P. 8(a) is permitted). Though the Court is required to construe a *pro se* plaintiff's complaint liberally, *see Marshall v. Knight,* 445 F.3d 965, 969 (7th Cir. 2006), no amount of latitude could save Webb's pleading.

Magistrate Joseph's recommendation for dismissal will be adopted and this case will be dismissed. Having already been given an opportunity to

amend her complaint, Webb will not be granted another. The dismissal will be with prejudice.

Accordingly,

**IT IS ORDERED** that Magistrate Judge Nancy Joseph's report and recommendation (Docket #21) be and the same is hereby **ADOPTED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice.**

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 27th day of July, 2018.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge